UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SEIBERT,

    Plaintiff,

v.
                                        Case No. 2:20-cv-10652
                                        Hon. Arthur J. Tarnow

KANDANCE N. MAIER,
RUSSELL WAHTOLA, LPN BARBOWA,
CO HIMMINGWAY, AND CO MCQUEEN,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I. Introduction

James Seibert, who is presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a pro se civil rights complaint. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) with respect to Defendants Russell Wahtola, LPN Barbowa, CO Himmingway, and CO McQueen for Plaintiff's failure to state a claim against those Defendants. The complaint may proceed against Defendant Kandance N. Maier.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

Plaintiff is an inmate with the Michigan Department of Corrections. The complaint concerns events occurring at the Duane Waters Health Center in Jackson, Michigan between February and May of 2019. Plaintiff names the following MDOC personnel as Defendants: Registered Nurse Kandance N. Maier, Licensed Practical Nurse Barbowa, PREA Coordinator and Inspector Russell Wahtola, and Correctional Officers Himmingway and McQueen.

Plaintiff alleges that between February 27, 2019, and March 7, 2019, a fellow prisoner, Ali, threatened to sexually assault him. Plaintiff asserts that Defendant Maier was "well aware" of the threats, but that she did nothing about it. Plaintiff asserts that on March 27, 2019, and April 24, 2019, Ali sexually assaulted him. He asserts that Maier knew of the assaults, but she did not report them. The complaint suggests that Maier did nothing about the threats because she was in some sort of relationship with Ali and paid him "midnight visits."

Plaintiff asserts he requested medical attention as a result of the assault, but he did not receive any. Plaintiff asserts that he filed PREA complaints against Defendant Maier, but she was acquitted.

The allegations are threadbare with respect to the other Defendants. The complaint is completely devoid of allegations against Defendant Wahtola. With respect to Defendant Barbowa, Plaintiff alleges only that she knew Plaintiff had been sexually assaulted as a child. Finally, Plaintiff asserts that Defendants Himmingway and McQueen

only "knew or should have known of the above." The complaint seeks a total of $279,000 in damages.

### IV. Standard of Review

Pursuant to the Prisoner Litigation Reform Act of 1996 ("PLRA"), the court sua sponte dismisses a prisoner's in forma pauperis complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c)(1); see also 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed in in forma pauperis).

Federal Rule of Civil Procedure 8 requires a plaintiff to present "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). The Rule 8 pleading standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The court must liberally construe complaints filed by pro se litigants. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Pro se litigants must nevertheless satisfy the basic pleading requirements that

apply in all federal cases, and there are certain limits to the leniency granted to them. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The plaintiff must plead sufficient facts to show that each individual defendant committed a redressable legal wrong. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

### V. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). See *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result, prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, the plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. *Richko*, 819 F.3d at 915.

Because government officials do not readily admit the subjective element, a plaintiff may establish the subjective prong through inference from circumstantial evidence, "and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). A court must examine the subjective component for each individual defendant. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 541 (6th Cir. 2008).

A. Defendant Maier

The complaint asserts that Defendant Maier actually knew about Ali's threats to Plaintiff, but she failed to report it, and it suggests Maier failed to act due to a preexisting relationship she had with Ali. After the assaults Plaintiff complained to Maier, but she continued to take no action. These allegations, liberally construed, satisfy both the objective and subjective components of a failure to protect claim. The complaint is therefore not subject to summary dismissal with respect to Defendant Maier.

B. Remaining Defendants

Plaintiff's allegations against the remaining Defendants fail to state an Eighth Amendment claim. He fails to allege any conduct by Defendant Wahtola at all. Plaintiff asserts that Defendant Barbowa knew that he had been sexually assaulted as a child, but he fails to assert that Barbowa actually knew of Ali's threats. Likewise, Plaintiff's allegations that Defendants Himmingway and McQueen "knew or should have known" about Ali's threats fails to allege that they subjectively perceived facts from which to infer a substantial risk to Plaintiff from another prisoner.

### VI. Conclusion

Having conducted the review required by the PLRA, the Court determines that the complaint will be dismissed for failure to state a claim with respect to Defendants Wahtola, Barbowa, Himmingway, and McQueen. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

### VII. Order

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** with respect to Defendants Wahtola, Barbowa, Himmingway, and McQueen.

**IT IS FURTHER ORDERED** that the case may proceed against Defendant Maier.

**IT IS FURTHER ORDERED** that leave to appeal this order in forma pauperis is **DENIED**.

                                             s/Arthur J. Tarnow
                                             Arthur J. Tarnow
                                             United States District Court

Dated: April 27, 2020